IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:18-cv-367 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| $3,579.81 FROM FIFTH THIRD BANK ACCOUNT NUMBER XXXXXX0916, HELD IN THE NAME OF HAYA LLC, DAYTON PHARMACY, et al., | : | |
| | : | |
| Defendants. | | |

## DEFAULT JUDGMENT IN A CIVIL CASE
## AND DECREE OF FORFEITURE OF ALL DEFENDANTS

[ ] **Jury verdict.** This action came before the Court for a trial by Jury. The issues have been tried and the jury has rendered its verdict.

[ ] **Decision by Court.** The action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

[x] **Decision by Court.** This action was decided without a trial or hearing.

This matter comes before the Court on the motion of the United States for a default judgment and decree of forfeiture. The instant motion seeks a default judgment against $3,579.81 from Fifth Third Bank Account Number XXXXXX0916, held in the name of Haya LLC, Dayton Pharmacy (Defendant 1); $3,976.61 from PNC Bank Checking Account Number XXXXXX3064, held in the name of Brown M D & Associates LLC (Defendant 2); Haya LLC, Dayton Pharmacy; Brown M D & Associates LLC; Ismail Abuhanieh; Mahmoud Mohammad Rifai; Morris Brown; Alison Brown; and all other persons and entities who might have an interest in the defendant property.

The United States filed a Verified Complaint for Forfeiture on November 6, 2018, seeking the forfeiture of $3,579.81 from Fifth Third Bank Account Number XXXXXX0916, held in the name of Haya LLC, Dayton Pharmacy (Defendant 1) and $3,976.61 from PNC Bank Checking Account Number XXXXXX3064, held in the name of Brown M D & Associates LLC (Defendant 2) (collectively, "defendant property"). (Doc. 1.) Special Agent Michael P. Flynn of the Drug Enforcement Administration ("DEA") verified the complaint. (*Id.*)

The United States brought this civil forfeiture action *in rem* against the defendant property to enforce the provisions of 21 U.S.C. § 881(a)(6), alleging that the defendant was furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846, and to enforce the provisions of 18 U.S.C. § 981(a)(1)(A), alleging that the defendant property was involved in or is traceable to property involved in money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). (*Id.*)

A Warrant of Arrest in Rem, issued by the Court on November 8, 2018, directed the United States Marshals Service ("USMS"), the DEA, any duly authorized law enforcement officer, or their delegate(s) to arrest the defendant property. (Doc. 3.) In accordance with the Warrant of Arrest in Rem, the USMS arrested the defendant property, bringing it within the jurisdiction of the Court. (Doc. 4.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules, "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." The direct notice instructs the potential claimant or the

potential claimant's attorney of the following: (1) the date when the notice was sent, (2) the deadline for filing a claim which is at least 35 days after the notice was sent, (3) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim, and (4) the name of the government attorney to be served with the claim and answer. Supplemental Rule G(4)(b)(ii). "The notice must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A). In this case, the United States represents that it has sent direct notice of this action with a copy of the complaint to all known potential claimants as follows.

On November 30, 2018, the United States sent direct notice and a copy of the complaint by certified and regular mail to potential claimant Haya LLC, Dayton Pharmacy, through its registered agent Ismail Abuhanieh at the address listed with the Ohio Secretary of State. (Doc. 6-1, PAGE ID# 45-50.)

On November 30, 2018, the United States sent direct notice and a copy of the complaint by certified and regular mail to potential claimant Ismail M. Abuhanieh at the addresses last known to the agency that seized the defendant property. (*Id*., PAGE ID# 51-60.)

On November 30, 2018, the United States sent direct notice and a copy of the complaint by certified and regular mail to potential claimant Mahmoud Mohammad Rifai at the address last known to the agency that seized the defendant property. (*Id*., PAGE ID# 61-62.)

On November 30, 2018, the United States sent direct notice and a copy of the complaint by certified and regular mail to potential claimant Brown M D & Associates LLC, through its registered agent Morris Brown at the address listed with the Ohio Secretary of State. (*Id*., PAGE ID# 63-68.) On January 11, 2019, the United States sent direct notice and a copy of the complaint by certified and regular mail to potential claimant Brown M D & Associates LLC,

through its registered agent Morris Brown at the forwarding address provided by the United States Post Office. (*Id.*, PAGE ID# 69-72.)

On November 30, 2018, the United States sent direct notice and a copy of the complaint by certified and regular mail to potential claimant Morris Brown at the last address he gave to the agency that seized the defendant property. (*Id.*, PAGE ID# 73-74.)

On November 30, 2018, the United States sent direct notice and a copy of the complaint by certified and regular mail to potential claimant Alison Brown at the last address she gave to the agency that seized the defendant property. (*Id.*, PAGE ID# 75-76.)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days.

The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, (www.forfeiture.gov), beginning on December 3, 2018, for 30 consecutive days. (Doc. 5.)

On March 11, 2019, the Clerk of this Court filed an Amended Entry of Default, under Rule 55(a) of the Federal Rules of Civil Procedure, against $3,579.81 from Fifth Third Bank Account Number XXXXXX0916, held in the name of Haya LLC, Dayton Pharmacy (Defendant 1) and $3,976.61 from PNC Bank Checking Account Number XXXXXX3064, held in the name of Brown M D & Associates LLC (Defendant 2), for failure to plead or otherwise defend as required by law. (Doc. 9.)

No person or entity has filed a claim to the defendant property or an answer to the complaint, and the time to do so has expired.

Therefore, it is hereby ORDERED that, in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment is granted to the United States against the following:

1. $3,579.81 from Fifth Third Bank Account Number XXXXXX0916, held in the name of Haya LLC, Dayton Pharmacy (Defendant 1);

2. $3,976.61 from PNC Bank Checking Account Number XXXXXX3064, held in the name of Brown M D & Associates LLC (Defendant 2);

3. Haya LLC, Dayton Pharmacy;

4. Brown M D & Associates LLC;

5. Ismail M. Abuhanieh;

6. Mahmoud Mohammad Rifai;

7. Morris Brown;

8. Alison Brown; and

9. All other persons and entities who might have an interest in the defendant property, for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

It is further ORDERED, ADJUDGED, AND DECREED that:

1. All right, title, and interest in the defendant property is CONDEMNED and FORFEITED to the United States pursuant to 21 U.S.C. § 881(a)(6) because the defendant property represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846, and pursuant to 18 U.S.C. § 981(a)(1)(A) because the defendant property represents property involved in or traceable to property involved in money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i);

2. All right, title, and interest in the defendant property is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

3. The United States or an authorized agent thereof shall dispose of the defendant property in accordance with the law;

4. The Court shall retain jurisdiction to enforce the terms of this Order; and

5. This case is terminated on the docket of this Court.

Date: March 14, 2019  \*s/Thomas M. Rose

                                                           THOMAS M. ROSE
                                                         UNITED STATES DISTRICT JUDGE